UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHER DIVISION

ERROL HISON,

      Plaintiff,

v.                                                                          Case Number 22-10943

OFFICER TAD LLOYD, *et al.*,                            Sean F. Cox
                                                                              United States District Court Judge
      Defendants.

_____/

**OPINION & ORDER**
**ON MOTION TO DISMISS FILED BY THE CITY OF DETROIT**
**AND THE DETROIT POLICE DEPARTMENT**

On May 3, 2022, Plaintiff Errol Hison filed this § 1983 civil rights action against the City

of Detroit, the Detroit Police Department, and three of its police officers, alleging that the

officers used excessive force with him, and unlawfully arrested him, during an incident that

occurred on *July 22, 2018.*  Plaintiff also asserts a *Monell* municipal-liability claim against the

City and state-law assault and battery claims against Defendants.  The matter is currently before

the Court on a "Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)((2) And (6) And Request

For Sanctions," brought by the City and the Detroit Police Department.  This motion has been

briefed by the parties and the Court concludes that oral argument is not necessary.  *See* E.D.

Mich. LR 7.1(f)(2).

For the reasons set forth below, the Court GRANTS the motion to the extent that it rules

that: 1) Plaintiff's claims against the Detroit Police Department are dismissed because Plaintiff

concedes that they should be; and 2) Plaintiffs' claims against the City are untimely based upon

1

the face of the complaint and will be dismissed with prejudice on that basis.  The Court declines

to impose Rule 11 sanctions against Plaintiff's counsel because Defendants failed to strictly

comply with Rule 11's "safe-harbor provision," that requires that a motion for Rule 11 sanctions

must be made separately from any other motion.

## BACKGROUND

Acting through counsel, on May 3, 2022, Plaintiff Errol Hison filed this civil action,

pursuant to 42 U.S.C. § 1983, asserting claims against the following Defendants: 1) Tad Lloyd;

2) Kairy Roberts; 3) Hussain Alomari; 4) the City of Detroit; and 5) the Detroit Police

Department.  Plaintiff asserts the following claims: 1) "Use of Excessive Force Against Plaintiff"

in "Violation of § 1983 And The Fourth and Fourteenth Amendments" (Count I), asserted

against all Defendants; 2) "Unlawful Arrest Of Plaintiff" "Under 42 U.S.C. § 1983 And The

Fourth And Fourteenth Amendments" (Count II), asserted against all Defendants; 3) "Assault

And Battery" (Count III), asserted against all Defendants; and 4) "Violation Of Civil Rights

Under 42 U.S.C. § 1983 And The First, Fourth And Fourteenth Amendments" (Count IV),

asserted against the City of Detroit only.

The Prayer for Relief section of Plaintiff's Complaint seeks "[a]ctual damages in the

amount of lost wages and back pay from the three-day suspension," although this case does not

involve a suspension.  (Compl. at 10-11).

On September 19, 2022, the City of Detroit and the Detroit Police Department filed a

"Motion To Dismiss Pursuant To Fed. R. Civ. P. 12(b)(2) and (6) And Request For Sanctions."

(ECF No. 6).

After Plaintiff failed to file any response to the motion within the time permitted by the

2

applicable local rules for doing so, this Court issued an Order To Show Cause" on October 18,

2022.  (ECF No. 8).   Plaintiff's counsel then requested more time to file a response brief, which

this Court granted, and Plaintiff ultimately filed his brief on November 10, 2022.

<strong>ANALYSIS</strong>

The pending motion requires this Court to determine just two[1] issues: 1) whether

Plaintiff's claims against the City in this action should be dismissed as time-barred**;** and 2)

whether sanctions should be imposed against Plaintiff's counsel under Fed. R. Civ. P. 11(b).

**I.**     **Plaintiff's Claims Against The City Should Be Dismissed As Time-Barred.**

Although a motion to dismiss "is generally an inappropriate vehicle for dismissing a

claim based upon the statute of limitations," sometimes the allegations in the complaint

affirmatively show that the claim is time-barred. *Cataldo v. U.S. Steel Corp*., 676 F.3d 542, 547

(6th Cir. 2012); *see also Crawford v. Tilley*, 15 F.4th 752, 763 (6th Cir. 2021)  (Noting that the

validity of an affirmative defense, including a statute of limitations defense, may be "apparent

from the face of the complaint, rendering a motion to dismiss appropriate.").  That is the

situation presented here.  It is apparent from the face of Plaintiff's complaint, that alleges that the

events at issue occurred on July 22, 2018, and includes no factual allegations that would support

any type of tolling, and based upon the Register of Actions for the underlying criminal case

showing Plaintiff was arraigned on March 13, 2019, that Plaintiff's claims against the City are

time-barred.

---

[1]The motion also asserts that Plaintiff's claims against the City of Detroit's Police
Department should be dismissed because that entity is not amenable to suit but the Court need
not address that additional challenge, as Plaintiff agrees that his claims against the police
department should be dismissed.  (*See* Pl.'s Br. at 4).

**A.     Plaintiff's § 1983 Claims**

It is well established that the statute of limitations for claims under 42 U.S.C. § 1983 is established with reference to the statute of limitations for personal injury claims in the state where the case arises. *See Wilson v. Garcia*, 417 U.S. 261, 105 S.Ct. 1938, 85 L.Ed.2d 254 (1985); *see also Rapp v Putnam*, 644 F. App'x 621, 626 (6th Cir. 2016) (Explaining that "[e]ver since *Wilson v. Garcia*," courts apply a singe statute of limitations for all § 1983 claims arising in a particular state," and "[i]n Michigan, it is the three-year statute of limitations for personal-injury claims."). Thus, a three-year statute of limitations applies to Plaintiff's § 1983 claims and Plaintiff agrees. (*See* Pl.'s Br. at 5).

"Although state law provides the statute of limitations to be applied in a § 1983 damages action, federal law governs the question of *when* that limitations period begins to run." *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984) (emphasis added); *see also Sharpe v. Cureton*, 319 F.3d 259, 266 (6th Cir. 2003). Plaintiff also agrees with that. (*See* Pl.'s Br. at 5).

The parties disagree, however, as to when Plaintiff's § 1983 excessive force and unlawful arrest claims *accrued.*

The City's motion contends that Plaintiff's § 1983 excessive force and unlawful arrest claims both accrued on July 22, 2018 – the date on which the alleged excessive force was used, which is also the date on which Plaintiff was arrested.

Relying on an outdated Sixth Circuit case (*Wolfe v. Perry*, 412 F.3d 707 (6th Cir. 2005)), Plaintiff asserts that the statute of limitations on his § 1983 claims did not begin to run until the state-law criminal case against him was dismissed. Plaintiff contends that event occurred on

4

May 3, 2022, and therefore he has three years from that date to file his claims, and thus his § 1983 claims in this case are not time-barred.

Plaintiff's reliance on *Wolfe* is misplaced because it was decided *before* the Supreme Court decided *Wallace v. Kato*, 549 U.S. 384, 127 S.Ct. 1091, 166 L.Ed.2d 973 (2007).  In *Wolfe* and a few other decisions, the Sixth Circuit had held that "when a § 1983 claim would imply the invalidity of a *future* conviction, the statute of limitations would not begin to run until the criminal charges have been dismissed." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir.2007) (emphasis added).  As the Sixth Circuit has expressly recognized, in *Wallace*, the Supreme Court clarified "[i]n no uncertain terms" "that the *Heck* bar has no application in the pre-conviction context."  *Fox*, 489 F.3d at 234.

Thus, a "§ 1983 claim for excessive force in effectuating an arrest accrues at the time of arrest." *Fox v. DeSoto*, 489 F.3d 227, 233 (6th Cir.2007) (citing *Wallace, supra*).

And the Supreme Court "in *Wallace* specifically held that a claim for wrongful arrest under § 1983 accrues at the time of the arrest, or, at the latest, when detention without legal process ends." *Id.; see also Wallace, supra* (Statute of limitations for a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant "becomes detained pursuant to legal process," such as arraignment); *McCracken v. Wells Fargo Bank NA*, 634 F. App'x 75, 79 (3rd Cir. 2015) (Pursuant to *Wallace*, § 1983 false arrest claim accrues at time of arraignment); *Uhrynowski v. County of Macomb*, 2007 WL 2984001 at *6 (E.D. Mich. 2007) ("The Supreme Court has held that the statute of limitations upon a § 1983 claim for false arrest in violation of the Fourth Amendment, where the arrest is following by criminal proceedings, begins to run at

the time the claimant becomes detained pursuant to legal process, such as an arraignment.").

Here, it is undisputed that Plaintiff was arrested on July 22, 2018.  Along with its Reply Brief, the City filed a copy of the Register Of Actions for the underlying criminal case.[2]  It reflects that Plaintiff was represented in that criminal case by the same attorney who is representing him in this case.  It also reflects that Plaintiff was arraigned on March 13, 2019. (ECF No. 11-1 at PageID.116).

Thus, Plaintiff's § 1983 false arrest claim accrued, at the latest, on March 13, 2019.  That means Plaintiff had to file suit to assert his § 1983 false arrest claim no later than March 13, 2022.  But Plaintiff did not file his complaint in this case until May 3, 2022.  The claim is untimely.

### B.    Plaintiff's State-Law Claims

Plaintiff's May 3, 2022 complaint also asserts state-law assault and battery claims.  As Defendants note in their motion, a two-year statute of limitations applies to those claims.  *See* Mich. Comp. Laws § 600.5805(3); *Roberson v. Macnicol*, 698 F. App'x 248, 250 (6th Cir. 2017) (Plaintiff's "state-law claims for assault and battery" "are subject to a two-year statute of limitations" pursuant to Mich. Comp. Laws § 600.5805).  Those claims also accrued on July 22, 2018, the date on which the alleged assault and battery occurred.

Accordingly, Plaintiff needed to file his state-law assault and battery claims by July, 2020 but did not file this case until May 3, 2022.

---

[2]The Court may consider the register of actions for the underlying criminal case in the 36th District Court without converting the pending motion to dismiss into a summary judgment motion. *See, eg., Davis v. Chorak*, __ F.Supp.3d __, 2022 WL 3701571 at *3 (W.D. Mich. 2022) (collecting cases); *Chase v. MaCauley*, 971 F.3d 582, 587 n.1 (6th Cir. 2020) (Federal courts may take judicial notice of proceedings in other courts of record).

**II.      The Court Denies Defendants' Request For Rule 11 Sanctions Because Defendants Failed To Strictly Comply With Rule 11's "Safe-Harbor Provision."**

In addition to asking this Court to dismiss Plaintiff's claims against them as untimely, Defendants' motion also asks the Court to impose sanctions against Plaintiff's counsel under Fed. R. Civ. P. 11(b).  (Defs.' Br. at 9). Defendants argue that sanctions are appropriate because Plaintiff's counsel has proceeded with this case even after counsel advised her that this action is time-barred.

The Court denies Defendants' request for sanctions under Fed. R. Civ. P. 11 because Defendants failed to strictly comply with Rule 11's "safe-harbor provision" which states as follows:

> *A motion for sanctions must be made separately from any other motion* and must describe the specific conduct that allegedly violates Rule 11(b). The motion must be served under Rule 5, but it must not be filed or be presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets.

Fed. R. Civ. P. 11(c)(2) (emphasis added).  Thus, Rule 11 expressly requires that a "motion for sanctions must be made separately from any other motion."  Fed. R. Civ. P. 11(c)(2).  Here, however, Defendants combined their motion seeking Rule 11 sanctions with their Motion to Dismiss.   As such, Defendants failed to strictly comply with Rule 11's safe-harbor provision and that failure "precludes imposing sanctions on [Defendant]'s motion."  *Penn, LLC v. Prosper Business Dev. Corp*., 773 F.3d 764,767 (6th Cir. 2014).

## CONCLUSION & ORDER

For the reasons set forth above, the Court GRANTS Defendants' motion to the extent that it RULES that Plaintiff's claims against the Detroit Police Department and the City of Detroit

are DISMISSED WITH PREJUDICE.  The motion is DENIED in all other respects.

IT IS SO ORDERED.

s/Sean F. Cox
Sean F. Cox
United States District Judge

Dated:  January 12, 2023

8